IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>One ACER Laptop with serial number: NXMZ8AA015629104B76600 with a 500GB Hard Drive Model WD5000LPCX-21VHAT0 with serial number WXG1AC5KV650, one Samsung Cellular Phone with serial number: R58HCOBAWAH, one 500GB HDIN HD Enclosure 2.5" External Hard Drive with serial number: W3P774WC, one SEAGATE Internal Hard Drive 120GB with serial number: 5JTZ0NKG, one SEAGATE Internal Hard Drive 40GB with serial number: 6EF0TSJ8.<br><br>**Defendants.** | CIVIL NO. 18- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico and Héctor E. Ramírez-Carbo, Assistant United States Attorney, Chief Civil Division, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules

1

of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 18, United States Code, Sections 981(a)(1)(A); 982(a)(1); 2252A(a)(5)(B) and (b)(2); 2253 and 2254.

## DEFENDANT IN REM

2. The defendant property seized by an officer of the United States Customs and Border Protection ("CBP"), consists of: One ACER Laptop with serial number: NXMZ8AA015629104B76600 with a 500GB Hard Drive Model WD5000LPCX-21VHAT0 with serial number WXG1AC5KV650, one Samsung Cellular Phone with serial number: R58HCOBAWAH, one 500GB HDIN HD Enclosure 2.5" External Hard Drive with serial number: W3P774WC, one SEAGATE Internal Hard Drive 120GB with serial number: 5JTZ0NKG, one SEAGATE Internal Hard Drive 40GB with serial number: 6EF0TSJ8.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 18, United States Code, Sections 981(a)(1)(A); 982(a)(1); 2252A(a)(5)(B) and (b)(2); 2253 and 2254.

4. This Court has in rem jurisdiction over the defendant property pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant property is found in this

district).

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant property is found in this district).

## BASIS FOR FORFEITURE

5. This is a civil action in rem brought to enforce the provisions of Title 18, United States Code, Sections 981(a)(1)(A), (Civil forfeiture); 982(a)(1) (Criminal forfeiture); and 2252A(a)(5)(B) and (b)(2) (Certain activities relating to material constituting or containing child pornography); 2253 (Criminal forfeiture); 2254 (Civil forfeiture).

## FACTS

6. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the Immigration and Customs Enforcement-Homeland Security Investigations ("ICE-HSI"), Special Agent, Giovanni González attached hereto, and incorporated herein as if fully stated.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant property be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just

and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this  8th day of  May, 2018.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

s/ Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbó
Assistant U.S. Attorney
Chief Civil Division
USDC-PR-NO. 214902
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Hector.E.Ramirez@usdoj.gov

VERIFIED DECLARATION

I, Héctor E. Ramírez-Carbó, Assistant U.S. Attorney, Chief Civil Division for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, <u>United States Code</u>, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the ICE-HSI; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 8th day of May, 2018.

s/ *Héctor E. Ramírez-Carbó*
Héctor E. Ramírez-Carbó
Assistant U.S. Attorney
Chief Civil Division

VERIFIED DECLARATION

I, Giovanni González, Special Agent, ICE-HSI, declare as provided by Title 28, <u>United States Code</u>, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture <u>in Rem</u> and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 10 day of May, 2018.

Giovanni González, Special Agent
Immigration and Customs Enforcement-
Homeland Security Investigations ("ICE-HSI")

5

## UNSWORN DECLARATION IN SUPPORT OF FORFEITURE COMPLAINT

### INTRODUCTION

Pursuant to 28 U.S.C. § 1746, I, Giovanni Gonzalez declare under penalty of perjury that the foregoing is true and correct:

### BACKGROUND

1. I am employed as a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), San Juan, Puerto Rico. I have been employed as a Special Agent since May 2010. As an HSI Special Agent, my duties and responsibilities include conducting investigations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, transportation, advertising and possession of child pornography, in violation of Title 18, *United States Code*, Sections 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review examples of child pornography (as defined in Title 18, *United States Code*, § 2256). I have successfully completed the Criminal Investigator Training Program (CITP) and ICE Special Agent Training Program (ICESAT) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I am currently assigned to the RAC Mayaguez field office.

2. As part of my official duties, I have conducted arrests of persons engaged in child exploitation and child pornography activities; I have executed search warrants of homes and property of persons engaged in child exploitation and child pornography activities; and, I have participated in seizures of property as evidence of child exploitation and child pornography activities. Moreover, I have interviewed persons involved in child exploitation and child pornography activities and debriefed victims regarding the methods, habits and practices of people engaged in child exploitation and child pornography activities. Through my training and experience, I have become familiar with the *modus operandi* of subjects involved in child exploitation and child pornography activities which include the use of computers and computer technology that have revolutionized the way in which child pornography is produced, distributed and utilized the information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources. Because this affidavit is

made for the limited purpose of establishing probable cause I have not recited each and every fact known to me as a result of this investigation. As a result of my personal participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this affidavit.

3.  This affidavit is in support of a forfeiture action for assets seized on January 26, 2018, from the residence of Ruben Y. HERNANDEZ-Abreu located at Public Housing project las Muñecas, Building #2, apartment 17, Aguadilla, Puerto Rico 00603. The assets were seized pursuant to a federal search and seizure warrant issued by U.S. Magistrate Judge Silvia Carreño Coll, Case No. 18-101(SCC).

4.  This Unsworn Declaration is submitted in support of a verified complaint of forfeiture <u>in rem</u>, which involves the offenses detailed in Sections 981(a)(1)(A) & 982(a)(1) of Title 18 of the <u>U.S.C.</u>, on the grounds that said property was involved in, possession of Child Pornography in violation of 18 U.S.C. Sections 2252A(a)(5)(B) and (b)(2).

5.  Based on my formal education, professional training, work experience, and continued discussions with other federal and state law enforcement officers, I can state with an ample margin of confidence that I do have and possess specialized technical and practical knowledge pertaining to the habits, culture, behavior, schemes, methods and peculiar practices that are typical of persons engaged in child exploitation and child pornography activities. In addition to the aforesaid, it is also my understanding that:

    a.  Prior to the advent of computers and the Internet, child pornography was produced using cameras and film, resulting in either still photographs or movies. The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these images on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contacts, mailings, and telephone calls, and compensation for these wares would follow the same paths. More recently, through the use of computers and the Internet, distributors of child pornography use membership-based/

subscription-based websites to conduct business, allowing them to remain relatively anonymous.;

b. The development of computers has also revolutionized the way in which child pornography collectors interact with, and sexually exploit, children. Computers serve four basic functions in connection with child pornography: production, communication, distribution, and storage. More specifically, the development of computers has changed the methods used by child pornography collectors in these ways;

c. Producers of child pornography can now produce both still and moving images directly from a common video or digital camera. The camera is attached, using a device such as a cable, or digital images are often uploaded from the camera's memory card, directly to the computer. Images can then be stored, manipulated, transferred, or printed directly from the computer. Images can be edited in ways similar to how a photograph may be altered. Images can be lightened, darkened, cropped, or otherwise manipulated. The producers of child pornography can also use a device known as a scanner to transfer photographs into a computer-readable format. As a result of this technology, it is relatively inexpensive and technically easy to produce, store, and distribute child pornography. In addition, there is an added benefit to the pornographer in that this method of production does not leave as large a trail for law enforcement to follow;

d. The Internet allows any computer to connect to another computer. By connecting to a host computer, electronic contact can be made to literally millions of computers around the world. A host computer is one that is attached to a network and serves many users. Host computers are sometimes operated by commercial ISPs, such as America Online ("AOL") and Microsoft, which allow subscribers to dial a local number and connect to a network, which are, in turn, connected to the host systems. Host computers, including ISPs, allow e-mail service between subscribers and sometimes between their own subscribers and those of other networks. In addition, these services providers act as a gateway for their subscribers to the Internet or the World Wide Web;

  e. The Internet allows users, while still maintaining anonymity, to easily locate (i) other individuals with similar interests in child pornography; and (ii) websites that offer images of child pornography. Child pornography collectors can use standard Internet connections, such as those provided by businesses, universities, and government agencies, to communicate with each other and to distribute child pornography. These communication links allow contacts around the world as easily as calling next door. Additionally, these communications can be quick, relatively secure, and as anonymous as desired. All of these advantages, which promote anonymity for both the distributor and recipient, are well known and are the foundation of transactions between child pornography collectors over the Internet. Sometimes the only way to identify both parties and verify the transportation of child pornography over the Internet is to examine the recipient's computer, including the Internet history and cache[1] to look for "footprints" of the websites and images accessed by the recipient.

  f. The computer's capability to store images in digital form makes it an ideal repository for child pornography. A single floppy disk can store dozens of images and hundreds of pages of text. The size of the electronic storage media (commonly referred to as a hard drive) used in home computers has grown tremendously within the last several years. Hard drives with the capacity of 40 gigabytes are not uncommon. These drives can store thousands of images at very high resolution. Magnetic storage located in host computers adds another dimension to the equation. It is possible to use a video camera to capture an image, process that image in a computer with a video capture board, and save that image to storage in another country. Once this is done, there is no readily apparent evidence at the "scene of the crime". Only with careful laboratory examination of electronic storage devices is it possible to recreate the evidence trail.

---

[1] "Cache" refers to text, image and graphic files sent to and temporarily stored by a user's computer from a web site accessed by the user in order to allow the user speedier access to and interaction with that web site.

      g. Computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive, deleted, or viewed via the Internet. Electronic files downloaded to a hard drive can be stored for years at little to no cost. Even when such files have been deleted, they may be recoverable months or years later using readily-available forensic tools. When a person "deletes" a file on a home computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is, in space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space – for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

**ITEMS TO BE FORFEITED**

    6. One ACER Laptop with serial number: NXMZ8AA015629104B76600 with a 500GB Hard Drive Model WD5000LPCX-21VHAT0 with serial number WXG1AC5KV650, one Samsung Cellular Phone with serial number: R58HCOBAWAH, one 500GB HDIN HD Enclosure 2.5" External Hard Drive with serial number: W3P774WC, one SEAGATE Internal Hard Drive 120GB with serial number: 5JTZ0NKG, one SEAGATE Internal Hard Drive 40GB with serial number: 6EF0TSJ8.

Unsworn Declaration in Support of Forfeiture Complaint against Carlos Roman-Vega
Page 6 of 8

## FACTS ESTABLISHING PROBABLE CAUSE

7. On or about January 16, 2018, HSI Agents received, from the National Center for Missing and Exploited Children (NCMEC), one (1) referral indicating that, during the month of December 2017, the account lordyaffet1973@gmail.com uploaded approximately one hundred thirty two (132) child pornography images.

8. More specifically, the NCMEC report indicates that on or about January 4, 2018, Google Inc. reported to NCMEC that the account lordyaffet1973@gmail.com uploaded one hundred thirty two (132) images of apparent child pornography containing, among others, violence and sadomasochism. The NCMEC report further reflects that the ESP (Google Inc.) viewed the entire contents of the uploaded files.

9. The images uploaded into Google using the lordyaffet1973@gmail.com email account were images that contained apparent child pornography.

10. The NCMEC report also included that the user reported by Google had the telephone number (787) 932-5580 associated to the email account lordyaffet1973@gmail.com.

11. The HSI investigation revealed that the telephone number (787) 932-5580, belonged to T- Mobile, and was subscribed to a Ruben HERNANDEZ-Abreu, from Aguadilla, Puerto Rico. As a result, it appears that the images were uploaded to the Google account using a cellphone.

12. A David (Puerto Rico Department of Motor Vehicle) records check revealed that Ruben HERNANDEZ-Abreu resided at the Public Housing Project Las Muñecas, Building 2, Apartment 17, in Aguadilla, Puerto Rico.

13. HSI Agents physically located the SUBJECT PREMISES and were able to corroborate that Ruben HERNANDEZ-Abreu lived there.

14. The investigation revealed that HERNANDEZ-Abreu suffered from a physical condition that prevents him from walking or leaving the house.

15. On January 23, 2018, a United States Magistrate Judge issued a Search and Seizure Warrant for HERNANDEZ-Abreu residence and his electronic devices.

16. On January 26, 2018, HSI Agents executed a federal search warrant at the residence of HERNANDEZ-Abreu located in the Public Housing Project Las Muñecas, Building 2, Apartment 17, in Aguadilla, Puerto Rico.

17. In the house, HSI Agents found and seized an external hard drive that contained over one thousand images of minors engaging in sexually explicit conduct between themselves and/or Adults.

18. HSI Agents advised HERNANDEZ-Abreu of his Miranda rights which he waived and agreed to speak to the agents. During the interview, HERNANDEZ-Abreu stated that his email account is lordyaffet1973@gmail.com and that Google had blocked his email account. HERNANDEZ-Abreu stated that he had downloaded images from the web that contained minors of approximately fourteen or fifteen years old. He also stated that he downloaded child pornography from a Russian webpage. He stated that in his external hard drive we would find child pornography and that it was saved in the following folders: "LS Magazine Pies," "Boys Nude," and "13 Suck Brothers." He also stated that he used Claro internet service and that he pays for that account. He stated that his new email account is lordyaffet2018@gmail.com and that he has been viewing and downloading child pornography since 2014.

19. Further forensic analysis revealed the presence of child pornography videos and or images in the ACER Laptop with serial number: NXMZ8AA015629104B76600 with a 500GB Hard Drive Model WD5000LPCX-21VHAT0 with serial number WXG1AC5KV650, Samsung Cellular Phone with serial number: R58HCOBAWAH, 500GB HDIN HD Enclosure 2.5" External Hard Drive with serial number: W3P774WC, SEAGATE Internal Hard Drive 120GB with serial number: 5JTZ0NKG, and SEAGATE Internal Hard Drive 40GB with serial number: 6EF0TSJ8.

20. During the forensic analysis no child pornography evidence was found in the WESTERN DIGITAL 40GB Hard Drive with serial number: WMADK2509525, the ZTE Cellular phone with serial number: 329F74942B1B, and a white SAMSUNG Cellular Phone model SGH-M919 with serial number RV8F10W180J. However, the SEAGATE Internal Hard Drive 40GB with serial number: 138125-S147242 (5LAAXB1W), was unserviceable and could not be analyzed. A CHROME Laptop computer with serial number: 8CG64023CY was also not analyzed because it could not be powered on as per the forensic analyst.

Unsworn Declaration in Support of Forfeiture Complaint against Carlos Roman-Vega
Page 8 of 8

21. In summary, I believe there is probable cause to believe Ruben HERNANDEZ-Abreu is involved in child exploitation and child pornography activities.

22. The statutory provisions pursuant to which Ruben HERNANDEZ-Abreu's assets are subject to seizure and forfeiture are as follow:

23. Title 18, U.S.C. Section, 2253(a) any visual depiction described in Title 18, United States Code, section 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual, depiction, which was produced, transported, mailed, shipped or received in the respective offense; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the respective offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of the respective offense and any property traceable to such property.

24. Based upon my training, experience, and the facts available up to the present date concerning this investigation, I respectfully believe that probable cause does exist to show a commission of violation(s) to Federal Law(s), to wit: Title 18, U.S.C. Sections 2252A.

25. I, Giovanni Gonzalez, Special Agent of the Homeland Security Investigations, do declare the above as provided by 28 U.S.C. § 1746.

In San Juan, Puerto Rico, this _10_ day of _May_, 2018.

_____
Giovanni Gonzalez, Special Agent
Homeland Security Investigations

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Héctor E. Ramírez-Carbó AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

## DEFENDANTS
US v. One ACER Laptop with serial number: NXMZ8AA015629104B76600 with a 500GB Hard Drive Model WD5000LPCX-21VHAT0 with serial number WXG1AC5KV650, et al.

LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 18 U.S.C. Sections 981(a)(1)(A); 982(a)(1); 2252A(a)(5)(B) and (b)(2); 2253 and 2254.

## VII. REQUESTED IN COMPLAINT:
only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 5/10/2018

SIGNATURE OF ATTORNEY OF RECORD
s/Héctor E. Ramírez-Carbó

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. One ACER Laptop with serial number: NXMZ8AA015629104B76600 with a 500GB Hard Drive Model WD5000LPCX-21VHAT0 with serial number WXG1AC5KV650, et al.

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE — CIVIL FORFEITURE
   ___ SOCIAL SECURITY
   ___ BANK CASE
   ___ INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

   _____
   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?

   ☐ YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

   ☐ YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?

   ☐ YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: 214902

ATTORNEY'S NAME: HECTOR E. RAMIREZ-CARBO

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY  PR    ZIP CODE 00918

TELEPHONE NO.: 787-766-5656